Thomas L. Brown, trustee, vs. Charles Case.

Worcester.    September 30, 1901. — October 18, 1901.

Present: Holmes, C. J., Knowlton, Morton, Lathrop, & Barker, JJ.

*Bankruptcy*, Section 67 f of the act of 1898.

Section 67 f of the bankruptcy act of 1898, making void levies, judgments, attachments or other liens obtained against a bankrupt within four months of the filing of the petition in bankruptcy, applies to a voluntary as well as to an involuntary petition in bankruptcy.

Under § 67 f of the bankruptcy act of 1898, making void levies, judgments, attachments or other liens obtained against a bankrupt within four months of the filing of the petition in bankruptcy, with a proviso excepting those acquired by a *bona fide* purchaser for value without notice or reasonable cause for inquiry, a trustee in bankruptcy sued for conversion a purchaser at an execution sale, who within four months of the filing of the petition had attached certain property of the bankrupt, sold it on execution and bid it in.   It appeared, that eight days before the sale a copy of the general assignment for the benefit of creditors was handed to the defendant, that the debtor was present at the sale and publicly stated that he was insolvent and the assignment was exhibited by the counsel for the assignee, who forbade the sale, and that the petition in bankruptcy had not then been filed.   *Held*, that there was evidence to support a finding that the defendant was not a *bona fide* purchaser for value without notice or reasonable cause for inquiry.

Tort by the trustee in bankruptcy of the estate of John J. Murphy for the conversion of certain property alleged to belong to the bankrupt's estate.    Writ dated April 8, 1899.

At the trial in the Superior Court, before *Fessenden*, J., without a jury, the following facts appeared in evidence : On October 12, 1898, the defendant, Charles Case, attached certain personal property of Murphy in an action of contract on a writ returnable in the Central District Court of Worcester.   The property sued for in this action was the same property attached on the writ of the defendant.   The defendant entered his writ and obtained judgment against Murphy.   Execution was issued November 7, 1898.   The officer levied on the property held by him under the attachment November 16, 1898, and sold it at public auction November 29, 1898.   The property was bought in by the defendant for $38.82, he being the highest bidder. There was evidence tending to show that at the time of the

attachment, judgment, levy and sale, Murphy was insolvent, and that on November 19, 1898, he executed and delivered to one Hall an assignment for the benefit of his creditors. The validity of this assignment and the solvency of Murphy were in dispute. There was also evidence, that a copy of this assignment was delivered to the defendant November 21, 1898. Murphy was present at the sale and publicly stated that he was insolvent, and a copy of the assignment was exhibited by the counsel for Hall, who forbade the sale. On December 16, 1898, Murphy filed a voluntary petition in bankruptcy, and was adjudicated a bankrupt. The plaintiff was appointed trustee in bankruptcy of the estate of Murphy, and demanded of the defendant the property sold on execution. The defendant refused to surrender the property, alleging a valid title to it under the execution sale.

The defendant requested the judge to rule, that on the foregoing evidence the plaintiff could not recover. The judge refused so to rule, and found for the plaintiff; and the defendant alleged exceptions.

*J. E. Sullivan & D. F. O' Connell*, for the defendant.

*E. J. McMahon*, for the plaintiff.

LATHROP, J. Section 67, cl. f, of the bankruptcy act of 1898, reads in part as follows: " That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt. . . . Provided, That nothing herein contained shall have the effect to destroy or impair the title obtained by such levy, judgment, attachment, or other lien, of a *bona fide* purchaser for value who shall have acquired the same without notice or reasonable cause for inquiry."

The defendant first contends that this section applies only to involuntary proceedings in bankruptcy, and so it has been asserted in three district courts of the United States, looking only to the language of the specific section, namely " the filing

of a petition in bankruptcy against him." *In re De Lue*, 91 Fed. Rep. 510. *In re Easley*, 93 Fed. Rep. 419. *In re O'Connor*, 95 Fed. Rep. 943. Section 1 of the act, however, declares: " A person against whom a petition has been filed shall include a person who has filed a voluntary petition." For this reason, and because it would be absurd to leave the effect of making proceedings valid or invalid at the option of the debtor, the great weight of authority is in favor of the view, with which we concur, that cl. f applies to a voluntary as well as to an involuntary petition in bankruptcy. *In re Richards*, 96 Fed. Rep. 935. *In re Vaughan*, 97 Fed. Rep. 560. *In re Lesser*, 100 Fed. Rep. 433. *In re McCartney*, 109 Fed. Rep. 621. *Jones* v. *Stevens*, 94 Maine, 582. See, as to the general intent of this section, *In re Gutwillig*, 92 Fed. Rep. 337, 339 ; *In re Kenney*, 105 Fed. Rep. 897, 898 ; *In re Rhoads*, 3 Am. Bank. Rep. 380.

The remaining question is whether the defendant is a *bona fide* purchaser for value, without notice or reasonable cause for inquiry. As the judge found for the plaintiff, it must be presumed that he found against the defendant on this issue, and his finding is conclusive, if there was any evidence to support it. There clearly was such evidence. Eight days before the sale a copy of the general assignment for the benefit of creditors was handed to the defendant. Murphy, the debtor, was present at the sale, and publicly stated that he was insolvent, and the assignment was exhibited by the counsel for the assignee, who forbade the sale. As the petition in bankruptcy had not then been filed, all was done that could be done.

*Exceptions overruled.*